IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DANIEL GENE BOZE, JIMMY JOE BOZE, and the ESTATE of MARY RUTH BOZE, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, RISK MANAGEMENT AGENCY, and FEDERAL CROP INSURANCE CORPORATION, <br><br> Defendants. | Case No. 2:23-cv-0068 <br> JUDGE CRENSHAW <br> MAGISTRATE JUDGE NEWBERN |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to this Court's Local Rule 16.01, counsel for all parties have met and conferred to discuss the matters addressed in Federal Rule of Civil Procedure 26(f). Agreements reached by counsel or the parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Newbern and the presiding District Judge.

A calendar date shall be proposed for each deadline.

**A.** **JURISDICTION:** The Court has jurisdiction pursuant to the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.* ("APA").

**B.** **BRIEF THEORIES OF THE PARTIES:**

**PLAINTIFF:** The Plaintiffs' cause of action arises from Defendant RMA's adverse decision in response to Plaintiffs' request for a non-compliance determination under Section 20(i) of their Multiple Peril Crop Insurance ("MPCI") policies and 7 CFR §400.352(b)(4) (*i.e.*, a determination that the AIP, its employee, agent or loss adjuster failed to comply with the terms of

the policy or procedures issued by FCIC and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled). The Plaintiffs contend that the determinations made by the Agency Defendants are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with controlling law, and that said determinations are unsupported by substantial evidence in the agency hearing record and unwarranted by the facts to the extent that the facts are subject to trial *de novo* by the reviewing District Court.

**DEFENDANT:** This is an action brought pursuant to the APA arising out of a decision made by the USDA's National Appeals Division ("NAD") in October 2023 with regard to whether or not GAIC complied with the terms of the Federal Crop Insurance Corporation (FCIC) policies and procedures, and whether any such failure resulted in Plaintiffs receiving an amount that was less than what they were entitled to under their Multiple Peril Crop Insurance (MCPI) policies. The Defendants deny that the NAD's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

    C.    **ISSUES RESOLVED:** Jurisdiction and venue.

    D.    **ISSUES STILL IN DISPUTE:** Procedural compliance of a final agency decision.

    E.    **INITIAL DISCLOSURES:** Initial disclosures are not necessary in this case, as Defendants will file the administrative record.

    F.    **DISCOVERY:** Discovery is not necessary in this case, and Defendants will file the administrative record.

    G.    **MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or to add parties shall be filed no later than **April 5, 2024**. Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment

with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

  **H.** **ADMINISTRATIVE RECORD:** The Defendants shall file a copy of the certified administrative record with the Court by no later than **May 3, 2024**.

  **I.** **NEXT CASE MANAGEMENT CONFERENCE:** The parties may request a case management conference by filing a motion that identifies all issues to be discussed and the parties' positions. If the parties request extensions of case management deadlines, they shall include all proposed extended deadlines in the motion. The parties shall state whether they request an in-person or telephonic conference.

  **J.** **CROSS MOTIONS FOR JUDGMENT ON THE ADMINISTRATIVE RECORD:** The parties must file cross motions for judgment on the administrative record by no later than **October 11, 2024**. Responses to the cross motions must be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a motion for judgment on the administrative record shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the responses and shall not exceed 5 pages.

  **K.** **MODIFICATION OF THE CASE MANAGEMENT ORDER:** Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days before the earliest affected deadline. If the parties agree, the motion may be filed up to the earliest affected deadline. The motion must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the motion. The motion (even if a joint motion) must also include: (i) all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review previous case management orders in consideration of the motion and (ii) a statement that the

3

Case 2:23-cv-00068   Document 12   Filed 03/11/24   Page 3 of 4 PageID #: 426

requested extension will still conform to the requirements of Local Rule 16.01(d)(2)(f) that no dispositive motion, including response and replies, be filed later than 90 days in advance of the target trial date.

L.     **REQUESTS TO SEAL DOCUMENTS:** Any party requesting that documents or portions of documents be sealed must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp v. Fed. Home Loan Mortg. Corp.*, No. 15-6067, 2016 WL 3671629, at *4 (6th Cir. July 11, 2016) (*quoting Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016)). Protective orders should not provide that documents produced in discovery and designated as "confidential" will automatically be sealed upon filing or use at trial. Any such language in a proposed protective order will be stricken and may result in denial of the motion to enter the protective order.

M.     **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** Because this case will be decided on cross motions for judgment on the administrative record, no trial is necessary.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

4
Case 2:23-cv-00068    Document 12    Filed 03/11/24    Page 4 of 4 PageID #: 427